**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WILLIAM CAPO,**
                **Plaintiff,**

**-vs-**                                          **Case No. 6:09-cv-650-Orl-28GJK**

**ARDELEAN MANAGEMENT, INC.,**
**d/b/a Sun Club Apartments,**
                **Defendant.**
_____

## ORDER

This cause is before the Court on the Motion to Dismiss Complaint or, in the Alternative, for More Definite Statement (Doc. 23) filed by Defendant, Ardelean Management, Inc. ("Ardelean"). Plaintiff has filed a Response (Doc. 26) thereto.

In his Amended Complaint (Doc. 21), Plaintiff brings employment discrimination claims against Ardelean under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Florida Civil Rights Act of 1992, sections 509.092, 760.01-.11, Florida Statutes ("the FCRA"). In its motion, Ardelean contends that it does not have the requisite number of employees to qualify as an "employer" under either of these statutes, and Ardelean argues that the Amended Complaint otherwise fails to state a claim for which relief can be granted. Ardelean has also filed a "Request for Judicial Notice," asking this Court to take notice of documents filed with the Florida Department of Revenue regarding the number of persons Ardelean employs. (Doc. 24).

In his barebones response, Plaintiff does not meaningfully address Ardelean's arguments, and he does not even mention Ardelean's not insubstantial assertion regarding

whether it qualifies as an "employer" under either of the statutes under which Plaintiff brings his claims. Ardelean's motion shall be granted. However, Plaintiff will be afforded one more opportunity to amend his complaint, if he can, in good faith, allege that Ardelean qualifies as an "employer" under Title VII or the FCRA.

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Dismiss Complaint or, in the Alternative, Motion for More Definite Statement (Doc. 23) filed by Defendant is **GRANTED** insofar as it seeks dismissal of the Amended Complaint and is **DENIED as moot** insofar as it seeks a more definite statement. The Amended Complaint (Doc. 21) is **DISMISSED without prejudice**.

2. Plaintiff may file a second amended complaint **on or before Friday, October 23, 2009,** if he is able to allege in good faith that Defendant qualifies as an "employer" under the statutes at issue and if he can otherwise state one or more claims for which relief can be granted. **Failure of Plaintiff to file a second amended complaint by this deadline will result in dismissal of this case with prejudice without further notice.**

3. Defendants' Request for Judicial Notice (Doc. 24) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida this 5th day of October, 2009.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record